

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514   PHONE (516)334-4500   FAX (516)334-4501   WWW.SOKOLOFFSTERN.COM

ADAM I. KLEINBERG
AKLEINBERG@SOKOLOFFSTERN.COM

October 14, 2020

**VIA ECF**
The Honorable Gary R. Brown
United States District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722-9014

        Re:    *AA Medical P.C. v Khaled Almansoori, M.D.*, No. 2:20-cv-04413

Dear Judge Brown:

        We represent defendant Khaled Almansoori, M.D. and respectfully request a pre-motion conference to move to dismiss under Rule 12(b)(6) and the Court's inherent authority.

        Over the past two months, plaintiff AA Medical, P.C. ("AA Medical") has engaged in a campaign of harassment against Dr. Almansoori, its former employee. Since July 17, 2020, AA Medical and one its employees have initiated six lawsuits against Dr. Almansoori, in four different jurisdictions. Dr. Almansoori submits that, for efficiency, each of the related cases pending in the Eastern District should be transferred to Judge Seybert, who presides over the first-filed case between the parties, No. 20-cv-03852. In order to muster up six separate lawsuits, AA Medical has asserted duplicative and baseless claims against Dr. Almansoori, including here.

        Dr. Almansoori, a surgeon, was employed by AA Medical from March 2018 to July 2019. AA Medical alleges that Dr. Almansoori threatened to file false complaints with various federal and state agencies against AA Medical, in order to gain some unspecified advantage from AA Medical. AA Medical also claims Dr. Almansoori made false statements about AA Medical to the Dept. of Labor. The complaint does not allege that Dr. Almansoori ever actually obtained an advantage from AA Medical or that AA Medical was damaged by the alleged statements. Based on these threadbare allegations, AA Medical brings claims for unjust enrichment and prima facie tort. Both of AA Medical's claims fail as a matter of law and should be dismissed.

        **1.**    **This Action Should Be Dismissed Due to a Prior Pending Action.**

        Pursuant to the Court's inherent authority, dismissal is proper under the prior-pending-action doctrine and the *Colorado River* abstention doctrine.  AA Medical's lawsuit against Dr. Almansoori filed in the Supreme Court of the State of New York, Nassau County, Index No. 607264/2020 (the "First Lawsuit") preceded the filing of all five other lawsuits filed by AA Medical and its employee.  The instant lawsuit involves issues that are identical to or duplicative of certain issues pending for adjudication in the First Lawsuit (as well as in a pending 2019 state court action in which Dr. Almansoori is the plaintiff and AA Medical the defendant).  As a general rule under the prior-pending-action doctrine, and to avoid duplicative litigation, the suit filed first should have priority "absent the showing of balance of convenience in favor of the second action." *Adam v. Jacobs*, 950 F.2d 89, 93-94 (2d Cir. 1991) (internal quotation marks and citation omitted). The *Colorado River* abstention doctrine similarly justifies dismissal as the issues presented in this action parallel certain issues presented in the First Lawsuit.  *See Colo. River Water Conserv. Dist.*

SOKOLOFF STERN LLP

The Honorable Gary R. Brown
Page 2 of 2

*v. United States*, 424 U.S. 800, 47 L. Ed. 2d 483, 96 S. Ct. 1236 (1976). The various factors governing application of the prior-pending-action doctrine and the *Colorado River* abstention doctrine support dismissal in favor of the First Lawsuit.

2. **AA Medical fails to allege that Dr. Almansoori was actually enriched:** AA Medical's unjust enrichment claim fails for failure to allege Dr. Almansoori was actually enriched. The essence of an unjust enrichment claim is that "one party is in possession of money or property that rightfully belongs to another." *Schoch v. Lake Champlain Ob-Gyn, P.C.*, 184 A.D.3d 338, 344 (3d Dept 2020). An allegation that the other party "received benefits, standing alone, is insufficient to establish a cause of action to recover damages for unjust enrichment." *Id.* Here, the complaint does not allege that Dr. Almansoori ever received money or other benefits, including "better terms" in his employment agreement, at the expense of AA Medical.

3. **AA Medical fails to allege Dr. Almansoori's sole motivation was "disinterested malevolence":** Under New York law, "[t]here is no recovery in prima facie tort unless malevolence is the sole motive for defendant's otherwise lawful act or . . . unless defendant acts from 'disinterested malevolence.'" *Burns Jackson Miller Summit & Spitzer v. Lindner*, 59 N.Y.2d 314, 333 (1983) (finding no prima facie tort claim because "although they allege intentional and malicious action, they do not allege that defendants' sole motivation was 'disinterested malevolence'"). Here, AA Medical makes no allegation that Dr. Almansoori's sole motivation for his supposed actions was "disinterested malevolence."

4. **AA Medical fails to allege it suffered special damages:** To state a claim for prima facie tort, AA Medical must allege that Dr. Almansoori caused it special damages, which "must be alleged with sufficient particularity to identify actual losses and be related causally to the alleged tortious acts." *Luciano v. Handcock*, 78 A.D.2d 943, 943 (3d Dept 1980). AA Medical does not allege any specific and measurable loss, and thus, its prima facie tort claim fails.

5. **The prima facie tort claim relates to the dissemination of defamatory materials:** New York courts have held that where the factual allegations underlying a prima facie tort claim "relate to the dissemination of allegedly defamatory materials," the prima facie tort claim "must fall." *See, e.g.*, *Katz v. Travelers*, 241 F. Supp. 3d 397, 409 (E.D.N.Y. 2017). Here, AA Medical's claim is that Dr. Almansoori "wrongfully disparaged AA Medical, its physicians and principals to third parties stating lies, misrepresentations, untruths, false allegations, and the like." These allegations clearly relate to the dissemination of "allegedly defamatory materials."

Dr. Almansoori also reserves the right to seek to transfer or consolidate this action with the other actions filed by AA Medical as appropriate. Thank you for the consideration of this matter.

Respectfully submitted,

SOKOLOFF STERN LLP

ADAM I. KLEINBERG

cc: All counsel of record (via ECF)