UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
AA MEDICAL P.C.,

                           Plaintiff,                   **ORDER**
                                                                               20-CV-4413 (DG) (ARL)
    -against-

ALMANSOORI, M.D.,

                           Defendant.
-------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       By letter dated February 19, 2021, Jeffery Eisenberg, Attorney at Law ("Eisenberg") filed a four sentence letter asking the Court to "adjourn all dates and issue a stay of proceedings" because he had been terminated and was seeking to withdraw. ECF No. 14. Eisenberg is counsel of record for Plaintiff AA Medical P.C. ("Plaintiff"). According to Eisenberg, he has been relieved of his representation by his client. Local Rule 1.4 provides that:

> An attorney who has appeared as an attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

As Courts within this district have held, "while Local Rule 1.4 requires a court order to withdraw, when counsel has been discharged -- and agreed to the termination -- the order to withdraw should issue except under the most compelling circumstances." *Casper v. Lew Lieberbaum & Company, Inc.*, 1999 U.S. Dist. LEXIS 7779, 1999 WL 335334 *4 (S.D.N.Y. 1999). Further, the New York Code of Professional Responsibility mandates that an attorney withdraw if he or she has been discharged by the client. *See* 22 NYCRR 1200.15(b)(4). Here, however, Eisenberg has offered nothing more than a sentence in an unsworn letter indicating it has been discharged, with no confirmation from the client. Eisenberg must provide an affidavit or other sworn testimony establishing he has been terminated prior to approval of his motion to withdraw. Accordingly, Eisenberg's motion is denied without prejudice to refiling.

Moreover, although these cases establish Plaintiff's right to terminate counsel, Plaintiff is a PC, and a PC can only appear by counsel. *See Parlin Funds LLC v. Gilliams,* 11 Civ. 2534 (JSR) (MHD), 2011 U.S. Dist. LEXIS 151988, n. 3, 2011 WL 7004193 (S.D.N.Y. Nov. 28, 2011), *see, also, e.g., Rowland v. California Men's Colony*, 506 U.S. 194, 202-03, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir.1995) (corporation can only appear by counsel). Thus, to avoid a recommendation that this matter be dismissed, it is incumbent upon Plaintiff to retain counsel.

Eisenberg is directed to serve a copy of this Order along with its renewed motion to withdraw on his client and file an affidavit of service on ECF no later than March 23, 2021.  Plaintiff shall have until April 23, 2021 to respond to that motion to withdraw.  In the event Plaintiff chooses not to oppose Eisenberg's withdrawal, new counsel shall file a notice of appearance by that date.

Dated: Central Islip, New York
       February 24, 2021

SO ORDERED:

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge